IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**WANDA COLEMAN**     **PLAINTIFF**

V.     **CIVIL ACTION NO. 3:25-CV-216-DMB-RP**

**JOHNSON & JOHNSON CONSUMER, INC., et al.**     **DEFENDANTS**

**ORDER**

This matter is before the court on the Defendant's Motion for Continuance or Limited Stay of its Expert Designation Deadline. ECF 36. According to the defendant Kenvue Brands, LLC, the plaintiff bears the burden of establishing her claims in this action through expert testimony, and because the plaintiff did not designate any experts within the time permitted, the defendant's summary judgment motion is due to be granted. However, as a hedge against the risk of its summary judgment motion being denied, the defendant moves to stay its expert designation deadline pending a ruling on its summary judgment motion. Although the plaintiff has not yet responded to the motion to stay, the defendant advises that the plaintiff opposes the motion. The court finds the defendant's motion to stay its expert designation deadline is not well taken, and because that deadline is but a week away, the court finds the motion should be denied without awaiting a response from the plaintiff.

"A district court has inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936) (referring to power to stay proceedings as incident to such inherent powers)). "A trial court has broad discretion and inherent power to stay discovery until

preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

In the present case, while it is true that the defendant's summary judgment motion, if granted, would dispose of this case, a stay of the defendant's expert designation deadline, if the summary judgment motion were to be denied, would unnecessarily delay the resolution of this case, as it would then be necessary to reset the remaining scheduling deadlines and, in all likelihood, continue the trial. Whether the plaintiff's failure to designate expert witnesses – or her decision not to do so -- warrants summary judgment for the defendant is not a threshold issue that the court believes should be resolved before further discovery proceeds in this case, particularly since discovery has been underway for several months, and only approximately two months remain until the discovery deadline.

Therefore, the Defendant's Motion for Continuance or Limited Stay of its Expert Designation Deadline is DENIED.

This, the 20th day of January, 2026.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE